## STREET IMPROVEMENTS WHERE SPECIAL ACTS RELATING THERETO HAVE BEEN IN FORCE.

[Franklin County Common Pleas Court.]

CAMPBELL M. CHITTENDEN v. THE CITY OF COLUMBUS.

Decided, July 20, 1903.

*The Burns Law—The Bruck Law—Street Improvement—Under a Special Act, or Under the General Statutes—Notice to Abutting Property Owner—Tacit Consent to Improvement.*

1. The Burns Law (Section 2702) relates to the expenditure of public monies arising from general revenues, and has no application to monies raised by special assessment.

2. While the purpose of the Bruck Law, as amended (92 O. L., 737), was to give to the city of Columbus an additional and special plan of procedure for street improvements, in order to obviate some of the limitations of the general statutes (Sections 2303 and 2304), the city was not limited to this special act in all cases, but was at liberty to proceed under the general statutes at its option.

3. An abutting property owner who twice refused to sign a petition for a street improvement, and was in the city during all the time the improvement, which was in the heart of the city, was being made, is charged with notice of the improvement, unless evidence of some kind warrants the court in concluding that the improvement was made without his tacit consent or knowledge.

DILLON, J.

In 1901 and 1902, Hickory alley, in this city, was improved and paved. One hundred and eighty-seven and one-half feet of this improvement was on the north side of the plaintiff's property immediately north of the Chittenden Hotel. The plaintiff has two special reasons why he should not be held to pay his proportion of this improvement. The first reason is that it should have been improved under the Taylor Law, or as later designed the so-called Bruck Law. But instead of pursuing that plan the city improved the street under the general statute. The plaintiff claims that the city of Columbus was limited fully and exclusively to the improvement of the street under and by means of the Bruck Law instead of the general statute, which law is now admittedly unconstitutional. The plaintiff also claims that even if improved under the general law he had no notice of such improvement. He also claims that the Burns Law, which requires a certificate to be filed that the money is already in the treasury, was not complied with.

I find, however, that the Burns Law is not applicable in such a case. The Burns Law only contemplates expenditures of public moneys arising from general revenues. In this case all of the money necessary for the improvement was to be raised by special assessment on the property and no part thereof was to come out of the general revenue fund at all. I refer to the case of *Comstock* v. *Nelsonville,* 61 O. S., 288. In this case all of the cost was to be raised by this assessment and none of it was to be paid from the general levy.

The next question for consideration is whether or not the city had a right to improve this street under the general statutes, Sections 2303 and 2304, or was it limited to and should it have proceeded under the special act known as the Bruck Law as amended (92 O. L., 737).

This special act provides in its opening clause that this city— without naming it, but by designating it as second class, first grade—"shall have authority to pave streets," etc., in a certain specified manner. The repealing clause certainly could not be construed to repeal the general statutes, Section 2303, *et seq.,* but it is urged that said sections were repealed as to Columbus. That is

to say, that the Bruck Law was exclusive in effect and therefore said general statutes were repealed as to Columbus. I can not sustain this contention. I am of opinion that the special act did intend and contemplate to give to Columbus an additional and special plan of procedure to obviate some of the limitations of the general act, but without attempting to limit it to the special act in all cases. It must readily be conceded that even prior to the recent change of view of the Supreme Court such construction of the act would have rendered it unconstitutional. In the light of recent decisions which clearly invalidate the so-called Taylor and Bruck Laws, I should be very reluctant to hold now that an acknowledged general statute was superseded by them. For the same reason I hold the advertising under the general statute is sufficient.

The question which arises next is as to whether or not the plaintiff, Chittenden, had notice. On this point I hold he had notice for two reasons. First, he has not relieved himself from the fair and natural presumption that from all the facts he knew or should be charged with knowing of this improvement. The improvement was right in the heart of the city of Columbus. He was in the city all the time. He was solicited to sign a petition for this improvement at least on two separate occasions and refused to do so. He knew it was contemplated and unless he can show by some evidence of some kind which would warrant this court in concluding that this improvement was made without his knowledge or without his tacit consent, the court will have to hold that he is charged with notice. As I say, it was a public improvement almost in the heart of the city. He can not sit by and allow that improvement to be made at large expense and to have the benefit of it, and then declare that he did not know of it at all. It may be true that he had no actual notice, but I say he is charged with notice under the circumstances of this case. There might be evidence adduced which would change my mind on that subject, but there is no evidence in the record so far which would do it.

In the second place the plaintiff has not overcome the fair preponderance of record evidence tending to show actual notice. The return was made to the city clerk that actual notice had been

served upon him, although by error it appears to have been served upon H. T. Chittenden, Jr. The man who served the notice swears positively to the service of notice upon the plaintiff. On cross-examination he gives special reasons why he remembers the occurrence. He states that he found the plaintiff in his office in the Board of Trade Building; describes the room and describes his surprise in finding Mr. Chittenden located in that particular room, and states that he remembers serving him personally, remembers the conversation which took place at the time. I therefore hold that the plaintiff has not overcome the fair preponderance of record evidence and the evidence of Mr. Johnson of actual notice served upon him.

The petition in this case therefore will be dismissed. An exception may be noted and the appeal bond will be fixed at $300.

*Kinkaid, Merwine & Shumacher,* for plaintiff.
*Butler, Marshall & Keating,* for defendant.
*Butler, Marshall & Keating,* for defendant.